We will now move to Appeal 24-1627, Charles Bich and Bruno Bich Trust v. WW3 LLC and Kurt Waldvogel. And we'll begin with oral argument, Mr. Fischer, from you. Good morning, Your Honors. May it please the Court, I'm Attorney Matthew Fischer. I represent the Plaintiff Appellants, Charles Bich and the Bruno Bich Trust in this matter. The sole issue before you is whether the District Court properly granted summary judgment on the plaintiff's breach of contract claim based on Wisconsin's statute of frauds, WIS Stat 24102. Can I start with a practical question? Part of the advocacy has phrased the unjust enrichment versus breach of contract in terms of appellate jurisdiction. If we end up reversing and sending the breach of contract claim back, are appellants comfortable releasing that $200,000 verdict that was in their favor under the Wisconsin law that provides you can't have a recovery under both breach of contract and unjust enrichment? Yes, that is the risk we take, is that if a contract is established, then we would agree that we can't proceed on an unjust enrichment theory. It's a one or the other. The District Court in this case got it wrong on the summary judgment decision, and I'll briefly explain why. The statute of frauds, Wisconsin statute of frauds, does not void an oral promise for another's debt if the oral promise amounts to an original undertaking as opposed to a collateral promise. The key distinction between those two things is whether the promise is unconditional and original primary. If it is, then the statute of frauds does not apply. The seminal case that's been cited in the briefing on this is Mann v. Erie Manufacturing, and Mann makes a couple of very important points. First, it tells us that the question of whether a promise is unconditional and primary is a question of fact. Ordinarily, that is to be determined by the fact finder. Mann is also clear that a primary obligation, an unconditional primary obligation, can coexist and be measured in terms of the debt owed by another. The decision is to be made under a sort of totality of the circumstances, considering all the facts, but Mann points out some significant factors to consider, such as the form of the promise, the language that is used, the motive and objective for making the promise, the timing of the promise, and the nature of the consideration for the promise. No single factor is dispositive. And even if the form of the promise appears to be collateral, that is not necessarily determined. That's all straight out of Mann. The question is really one for the fact finder. Now, on each of these factors that the Mann court illustrates as being informative, the plaintiffs put forward evidence, together with reasonable inferences, that a fact finder could have found that there was, in fact, an unconditional original or primary promise. For example, the form of the promise. It was the testimony from the plaintiffs that the promise made was unconditional, that Mr. Volvogel would repay these loans no matter if the underlying project or venture was successful or whether it failed. The motive and objective for making the promise. Well, I think it's pretty clear under the circumstances that the promise was made for self-benefit on behalf of Mr. Volvogel. He was looking for someone to essentially fund his venture. The timing of the promise. And the evidence there is that Mr. Bick claims the promise was made before any other obligation was actually entered into. Again, suggestive of an original unconditional promise. And the consideration of the promise. The Bicks would not have invested in this venture but for the promise that Mr. Volvogel made. So on each of the elements that are factors that are identified by the Mann court, there was evidence supporting at least a reasonable inference that would favor the plaintiffs that there was such an unconditional primary promise falling outside the statute of frauds. And that's not the only evidence. There's also written evidence. There was a 2015 agreement wherein the plaintiff pens or the defendant pens in the event of a land sale, Curtin Branch investors will recapture investment first. Monies in excess of that will be distributed to owners of branch based on their percentage ownership at time of sale. There's nothing in here about that being conditional upon the success or failure of the underlying operation. In fact, it was contemplated that if things went well and this was sold, that this is how he would get repaid. Again, very consistent with the underlying promise being alleged here that he would be repaid by Mr. Volvogel. So I think there's ample evidence in the record here that a fact finder could have found an unconditional original promise. But the district court not only disregarded this evidence, the district court incorrectly concluded that the factors that are identified in Mann do not even matter. For example, the district court disregarded the motivation for making the promise or the timing of making the promise as do not matter. And that's clearly incorrect under Mann. So there is evidence supporting an unconditional and original promise. This was a factual question that should have gone to the jury. And that's why I would ask you to reverse the district court on this issue. I will say the rest of my time for rebuttal. Very good. Thank you very much, Mr. Fisher. Mr. Terry will move to you now for argument on behalf of the appellee. Thank you, Your Honor. Good morning. May it please the court. Attorney Todd Terry on behalf of the appellees. The district court here, as you may surmise, I believe got it right on summary judgment. There is a contested issue of fact, and that's the he said, he said. The two oral statements that are certainly refuted by my client about this unconditional promise to guarantee this obligation. What's not disputed is the fact that 56A requires sufficient evidence by which a jury could find in favor of the nonmoving party. And here what we have that that evidence is referenced not only in Mr. Bix testimony, retestified repeatedly about a plan A versus a plan B, how the security for any obligation or investment was going to be made and or secured. And by his own testimony through deposition prior summary judgment, he admitted those were really just concepts or plans. No agreement was ever reached. That's a key fact, certainly weighing against the plaintiff here. Secondly, there's emails which are in the record. The plaintiff's own emails that reference repeatedly if there is a need to shut branch down. Branch being the overarching operational entity. If there is a need to shut branch down and I'll talk to it a minute, that certainly screams to a conditional promise, not a problem. Mr. Terry that the district judge references the emails in the background section of his decision, but then never references the emails in the analysis section. I don't think so, Judge. I think when you look at the district court judge looking at the sufficiency of the evidence and just finding, I think, really on two problems. Number one, that there was never a contract reached or never a meeting of the minds given the back and forth between all these emails. Yeah, we talked about this. What about this concept? How does this work? But I think secondly, just that even if there were some representation, that it was certainly conditional upon branches failure or upon the need to recover investment funds. So I think two outs really for the district court judge here and I think the opinion was well-reasoned, but there was never a contract and more importantly, if in fact there was an oral representation, it certainly fails under the statute of frauds. And I think those are clearly shown in the plaintiff's own words. And just to that second prong, if and when there were an oral representation by my client to back the obligations here, if you will, and plaintiffs brief actually used the word back, which to me speaks of a contingent obligation. But if there were, what's I think instructive to this court, it's this court's decision, is the Prius State case where the dispositive factor that this court found applying man under Wisconsin substantive law was the promise intended to make the guarantor the primary liable person. Was the guarantor, my client, was he saying no matter what, you the plaintiff, you've invested all these funds, if the project succeeds, I'm going to promise you repayment of all those. That's not the way this structured. I read a portion of the email to say, quote, needless to say the people who put the capital in to get this built and keep operating will be first in line to get repaid if at all possible, end quote. It smacks of a conditional promise, doesn't it? I think it does. You know, and it needs to be in writing. I mean, and there's no definition of who gets paid when, how it happens. In fact, there's exchanges. It's kind of like seeing the sausage being made when we're applying the statute of frauds from its progeny. There's all these exchanges. What happens here? What about this? That to me speaks of number one, no contract formation and the absolute need for that statute of frauds. Cutting this off because it's an oral representation. It's not this over or open-ended, you know, I guess what would be a primary obligation. I'll cover you no matter what. And when we look at man, it talks about, in essence, the question here is did my client agree to be liable even when there was no default? And that's absolutely undercut by the plaintiff's own documents, own statements, and just good common sense. Looking at the cases relied upon by the plaintiff or appellant here, you know, obviously we have man, which is relied upon extensively, oral representations only. No written documentation in support of, or that could be argued in support of. We look at Brennan and Marshall, the same thing. We're dealing with oral statements or representations. And when we come back to the district court's decision and that sufficient evidence standard, I think you look at the writings substituted in here. Not just the oral statements, but then we look at the writings purportedly after these oral statements were made. I would tell you the oral statements are incredibly thin based upon this record. Nobody knows really when they occurred, what was promised, who was present. That's never been developed. But if we look at that, we have written documentation, and that's that sufficient evidence standard. Written documentation that totally undercuts, number one, if a promise was even made, if there is a contract. And most certainly, number two, if there was, and obviously it's summary judgment, you're going to look at it through that lens. If there was a promise made, it's a conditional promise. I don't think there's any doubt about that. Repay, recoup, recover if branch fails. Just briefly, because I have a few minutes, in Plaintiff's principle brief, they raise the fact that, well, even if it's subject to the statute of frauds, there's sufficient writings here by which to support that. If it's a memorandum, whatever the argument may turn out to be, but the case is relied upon. In re lubes dealt with an estate, obviously, in re lubes estate, where we had three different writings. We had two witnesses. We had ample evidence to confirm oral representations. The Trimble case, which is, I think, pretty instructive. We have really two written competing documents in Trimble. One being, I think, really an option to purchase land. The other one being what was titled a lien waiver, I believe. But it goes to this option of the claimant to basically share the proceeds of a land development. And those two documents were competing. They were changed. And the court found those writings were not sufficient. Here, we have emails that aren't even competing. They're really agreeing, saying, hey, we talked about a lien waiver. How do we make this work? How do we make that work? There's no way that this was an original promise. There's no evidence that could ever support that. And I think the district court got it right. I would, it's factual, but it's undisputed. You're dealing with an incredibly sophisticated plaintiff here. The record through summary judgment and trial would show that he had access to some of the best law firms in New York, spent over $40,000 in preparing the organizational documents for this entity. And yet, when it comes to this absolutely essential term of this agreement, which I would posit never existed, he couldn't quite get to the point where everything was put together as the way it should have been. And that's not punishment on our end. That's not us trying to pull a fast one. That's the statute of fraud. It never happened. If you have any questions. Thank you very much, Mr. Chair. Thank you. Mr. Fisher, we'll go back to you now for a rebuttal argument. Great, thank you. Just a couple follow-up comments based on what counsel argued. First off, procedural posture of the case was at summary judgment. Okay, at summary judgment, the district court is not supposed to be weighing the evidence. The district court is supposed to be seeing is there a material dispute of fact and is there some evidence upon which the plaintiff can support their claim. Again, we think there is. We think there's evidence under every single one of the factors that's identified by man on the issue of an unconditional original promise. The timing, the motivation, the language of the promise. And of course, there's disputes about this because the defendants dispute that there was any promise whatsoever. So I think that's an important point to make. On the email that you raised about being smacking of conditional, I respectfully would disagree because the promise was that he would get paid no matter if things went well or things went poorly. So the mere fact that that email is structured maybe in the context of things going poorly is not necessarily inconsistent with there being an original promise. Again, if you compare an original unconditional promise, if you compare that email, say, with the contractual language that I provided to the court earlier, that would be indicative of a scenario where even if this venture had gone well and they could have sold it quickly, which was really what their plan was, he would get repaid by Mr. Volvo. The proof of payment was in the form of how they structured the real estate in this deal. And then finally, on sufficiency of the writings, I just want to touch on that briefly. The standard there is really, it's an evidentiary standard, right? The statute calls for a note or memorandum thereof. It doesn't call for a beautiful contract that lays out necessarily every term. What it calls for is some writing evidencing an agreement. And we think that both the emails and the actual agreement that was circulated by Mr. Volvo certainly meet that standard. And unless the court has any questions, I'm prepared to rest. Thank you very much, Mr. Fisher. Thank you, Mr. Terry, the case was taken under advisement.